STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Ivan Charbonneau   }
and Marie Charbonneau            }
                                  }   Docket No. 270-11-00 Vtec
                                  }
                                  }

Decision and Order on Cross-Motions for Summary Judgment

Appellants Ivan Charbonneau and Marie Charbonneau appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of St. Albans upholding a notice of violation issued by the Zoning Administrator. Appellants are represented by Joseph F. Cahill, Jr., Esq.; the Town is represented by David A. Barra, Esq. Appellants and the Town have each filed motions for summary judgment on Question 5 of the Statement of Questions, whether Appellants are required to obtain conditional use approval from the ZBA.

The following facts are undisputed unless otherwise noted.

Appellants own a lot part of which is located in the Rural zoning district and part in the Mixed Commercial/Residential zoning district. A planned unit development (PUD) is a permitted use in both zoning districts. In 1999, Appellants applied to the Planning Commission for site plan approval for a PUD. The Planning Commission decision describes the application as one for A site plan approval for a PUD with multi-use on Route 105 in the Commercial/Residential and Rural Districts.@ The proposal consisted of renovations to Appellants= house and outbuildings, and renovations of a barn for a private shop and truck parking for Appellants= business.

The Planning Commission conducted a ' 303 site plan review and approved the proposal with conditions, but the Planning Commission does not appear to have conducted a ' 417 analysis or approval of the PUD. One condition of the site plan approval required conditional use approval from the ZBA. Appellants appealed the decision of the Planning Commission; however, the Town and Appellants came an agreement[1] whereby the appeal was dismissed, as the Planning Commission had reissued its decision without the condition requiring conditional use approval from the ZBA. The new decision was not appealed and became final.

On July 28, 2000, the Zoning Administrator issued a notice of violation to Appellants, which Appellants appealed to the ZBA. Appellants appealed the ZBA= s decision upholding the notice of violation to this Court in the present appeal. One of the alleged violations is Appellants= asserted failure to apply for conditional use approval for their business as an 'essential public service.'[2] Appellants argue that they received final approval of their proposal as a PUD, a permitted use in both applicable zoning districts, and that therefore they need not also apply for conditional use approval from the ZBA for a subsidiary conditional use.

However, Appellants only applied to the Planning Commission for, and received, site plan approval of a PUD under ' 303. The Planning Commission did not conduct a review of the PUD, or approve it, under ' 417, nor did the Planning Commission modify any of the other requirements of the Zoning Bylaws in a ' 417 decision and report. Though the Planning Commission=s ' 303 site plan approval is indeed final, all that Appellants have is what they appear to have applied for: site plan approval for the proposal. They do not hold ' 417 approval of the PUD, nor a

modification of the conditional use approval requirement that may be applicable to Appellants= business.

Even if the Planning Commission had granted ' 417 PUD approval, such a decision would not obviate the need to obtain conditional use approval from the ZBA for a conditional use in the PUD unless the Planning Commission had modified that requirement under ' 417. Section 417(d) specifically provides that, A upon approval@ of the PUD by the Planning Commission, A the necessary modifications of this bylaw shall be noted in a report and, together with the approved proposal, submitted to the Administrative Officer. All other provisions of this bylaw not specifically modified shall remain in force and be applicable to the project.@ ' 417(d) (emphasis added).

Accordingly, Appellants= motion for summary judgment is DENIED and the Town= s motion for summary judgment is GRANTED: the Planning Commission= s site plan approval decision issued under ' 303 did not substitute for any conditional use approval that may be required for any use on the property. This ruling does not resolve whether Appellants= business falls within the use category of > essential public service,= or whether it otherwise requires conditional use approval. Indeed, it appears to the Court that Appellants= have the right to apply for and obtain a ruling from the Planning Commission regarding approval of their PUD under ' 417, including any request for the modification of other requirements of the zoning bylaws, before anything further occurs in this appeal. Therefore, we will hold a telephone conference on December 14, 2001, to discuss the next appropriate steps in the present appeal.

Done at Barre, Vermont, this 5th day of December, 2001.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] In Docket No. 196-10-99 Vtec.

[2.] Apparently, Appellants' business related to road maintenance is asserted to fall within the use classification of "essential public service," a conditional use in both applicable zoning districts.